JOHNSON, Judge.
This is an appeal from a dismissal of one part of a tort suit for personal injuries on the basis that the suit had prescribed. The trial court applied the one year prescription, LSA-C.C. Articles 2315 and 3536.
The original plaintiff, a high school athlete, alleged that he was injured and caused to be damaged through the improper actions of his high school coach, a defendant herein. Suit was filed on November 21, 1975 against the coach, the school, the school board, and their insurer. Original plaintiff died on December 31, 1975, about one month after filing suit. His mother was substituted as party plaintiff in supplemental pleadings. She alleges a cause of action for a survival, or victim’s portion, of the claim. This is for the amounts she alleges would have been due young Grady Wilder, her son, and the one allegedly injured, from the time of his injuries until his death. She sues for a wrongful death type action on her own behalf because of her loss and damages occasioned by the death of her son.
The trial court held that the survival, or victim’s portion of the cause of action, had prescribed because it was not brought within one year of the time the victim knew, or should have known, of his injuries.
Grady Wilder, the high school football player, alleges that the coach made him play football when he was sick and vomiting. He further alleged that the coach gave him pills which caused him to become ill. He alleges knowledge of the cause of action considerably later than the date the trial court found.
The evidence shows that Grady Wilder played football for his high school the last time sometime in early November, 1974. Some of the allegations indicate November 4th or 5th and other allegations indicate November 1st. The evidence also shows *23 that he was hospitalized on November 6, 1974, supposedly for a liver ailment. This was some 2-5 days after he last played football.
The trial court found from the evidence that, at the time Grady Wilder was hospitalized on November 6, 1974, he and his mother knew, or should have known, of the alleged injury, the alleged mistreatment, and the giving of improper medicine. All were supposed to have occurred prior to the hospitalization of November 6, 1974. We agree with this finding by the trial court since the alleged misconduct of the coach occurred shortly prior to the time that this young boy entered the hospital. The giving of improper medicine or stimulants by the coach allegedly occurred before this period of hospitalization. Both this young boy and the mother had every reason to discuss these matters with the physician at the time or shortly after the time of hospitalization. Certainly the passage of a few days at the most at the hospital should have resulted in the boy and/or his mother having discussions of these matters with the physicians. They should have complained to the physicians of the effects of the alleged mistreatment and giving of improper medicines, if any. Both knew at that time of the sick spells, the vomiting, the giving of medication, the requirement that the boy play when he was sick, etc.
Despite the foregoing, we find that the original suit herein was hot filed until November 21, 1975, which was one year and 15-20 days after both Grady Wilder and his mother knew or should have known of the alleged torts committed by the high school coach, defendant herein, and of the effects of said alleged wrongful deeds.
Under Canter v. Koehring, 283 So.2d 716 (La.1973), we agree that the trier of fact had ample evidence, which, upon its reasonable evaluation of credibility, furnished a reasonable factual basis for its finding.
For the foregoing reasons, the judgment of the trial court holding that this claim has prescribed, is affirmed, at appellant’s costs.
AFFIRMED. '